·TENNESSEAN NEWSPAPER, INC.; Marsha Vande Berg, individually, and as an Employee of Tennessean Newspaper, Inc.; and Middle Tennessee Chapter, Society of Professional Journalists, Sigma Delta Chi

v.

Edward LEVI, Attorney General of the United States, and Charles H. Anderson, United States Attorney for the Middle District of Tennessee.

WLAC–TV, INC., and· Chris Clark, Individually, and as an Employee of WLAC–TV, Inc.

v.

Edward LEVI, Attorney General of the United States, and Charles H. Anderson, United States Attorney for the Middle District of Tennessee.

The NASHVILLE BANNER PUBLISHING COMPANY and Larry Brinton, Individually, and as an Employee of the Nashville Banner Publishing Co.

v.

Edward LEVI, Attorney General of the United States, and Charles H. Anderson, United States Attorney for the Middle District of Tennessee.

Nos. 75–350–NA–CV to 75–352–NA–CV.

United States District Court, M. D. Tennessee, Nashville Division.

Nov. 11, 1975.

William R. Willis, Jr., Alfred H. Knight, III, and I. C. Waddey, Jr., Willis & Knight, Nashville, Tenn., for Tennessean Newspaper, Inc. and WLAC-TV, Inc.

James F. Neal, Neal & Harwell, Nashville, Tenn., for Nashville Banner Pub. Co.

Charles Fels and Martha Johnson Trammell, Asst. U. S. Attys., Nashville, Tenn., for defendants.

## MEMORANDUM

FRANK GRAY, Jr., Chief Judge.

These substantially identical actions for injunctive and declaratory relief were consolidated for the purposes of hearing and disposition. The plaintiffs seek to enjoin the defendants from withholding certain information about persons arrested or charged with the violation of federal criminal statutes and to obtain a declaratory judgment that such withholding is violative of the Privacy Act of 1974, 5 U.S.C. § 552a, the Freedom of Information Act, 5 U.S.C. § 552, and the First Amendment to the Constitution of the United States. The Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 02, and 28 U.S.C. § 1331, and will treat this suit on a declaratory judgment basis.

Defendant Anderson, United States Attorney for this District, has interpreted the Privacy Act as precluding the disclosure by him or persons in his office of certain information in his possession concerning individuals arrested or indicted in the District. Specifically, the information held precluded from disclosure includes the age, address, marital status, employment status, circumstances of arrest, the scope of the investigation leading to arrest or indictment, and other background material. The information determined to be available for disclosure includes only that on public records, which in some instances might be only the name of the individual charged and the crime allegedly committed.

Prior to the effective date of the Privacy Act, September 27, 1975, the defendant United States Attorney had routinely made available to the news media the information now withheld. In fact, this general identifying information was furnished to the news media under the Department of Justice guidelines for releasing information relating to criminal and civil proceedings. 28 C.F.R. § 50.2 (1975).

As a result of this interpretation of the Privacy Act, the United States Attorney denied the oral and written requests by plaintiffs for this formerly available information. One of the plaintiffs, Brinton, submitted a written request for such information, which the defendant Anderson treated as a request made pursuant to the Freedom of Information Act and forwarded to the Deputy Attorney General, United States Department of Justice. The request was denied.

Subject to certain specific exceptions, the Privacy Act generally prohibits federal employees in the executive branch of government from disclosing federal records concerning an individual absent the prior written consent of that individual. Willful disclosures by any such employee without the required consent subject that employee to criminal penalties. 5 U.S.C. § 552a(i)(1). One of the specific exceptions above-mentioned provides that the Privacy Act does not prohibit the disclosure of information required to be disclosed under the Freedom of Information Act. 5 U.S.C. § 552a(b) (2).

The Freedom of Information Act requires, subject to certain specific exceptions, disclosure of federal records containing the information requested by the plaintiffs herein. 5 U.S.C. § 552(a)(3). One of the exceptions provides that the Act does not require disclosure of "(7) investigatory records compiled for law enforcement purposes, but only to the extent that production of such records would . . . (C) constitute an unwarranted invasion of personal privacy . . .." 5 U.S.C. § 552(b)(7).

It is the position of the defendants that disclosure of the information requested would constitute an "unwarranted invasion of personal privacy" under this section.

■ In considering this question, the Court recognizes that Congress intended the disclosure provisions of the Freedom of Information Act to be construed liberally, and the exceptions to such provisions to be construed narrowly. *Ditlow v. Shultz,* 517 F.2d 166 (D.C.Cir.1975).

■ Normally, a determination of whether an invasion of personal privacy is "unwarranted" would require the Court to balance the competing interests, *i. e.,* the individual privacy loss occasioned by disclosure as opposed to the public interest purposes promoted by disclosure. *See: Ditlow v. Shultz,* 517 F.2d 166 (D.C. Cir.1975); *Wine Hobby USA, Inc. v. United States Internal Revenue Service,* 502 F.2d 133 (3d Cir. 1974); S.Rep.No. 813, 89th Cong., 1st Sess. 9 (1965). *But see: Robles v. Environmental Protection Agency,* 484 F.2d 843 (4th Cir. 1973). However, before proceeding to balance the competing interests, the Court must find that the disclosure of the requested information suggests a potential invasion of privacy sufficient to trigger the application of the balancing test. This potential invasion must involve substan-

tial and not minimal privacy concerns. Any potential invasion will not suffice. The resolution of this threshold question thus necessarily depends on the facts of the case.

■ In examining the limited facts and circumstances of this case, the Court is of the opinion that the privacy concerns which would be invaded by the disclosure of the requested information are not sufficient to warrant the application of the balancing test. Disclosing the requested information about persons arrested or indicted for federal criminal offenses does not involve substantial privacy concerns. Several factors support this conclusion.

First, individuals who are arrested or indicted become persons in whom the public has a legitimate interest, and the basic facts which identify them and describe generally the investigations and their arrests become matters of legitimate public interest.[1] The lives of these individuals are no longer truly private. Since an individual's right of privacy is essentially a protection relating to his or her private life, this right becomes limited and qualified for arrested or indicted individuals, who are essentially public personages.

Additionally, the information requested by the plaintiffs is of a limited nature, being confined to material coming within the guidelines of 28 C.F.R. § 50.2. Not only has the requested information been traditionally and routinely disseminated to the news media under these guidelines, but the Department of Justice has proposed an important change in the regulations issued by the Attorney General under the "routine use" exception to the disclosure prohibitions of the Pri-

vacy Act. This regulation will, when approved by the Attorney General, authorize the defendant Anderson to disseminate the requested information to the news media in accordance with 28 C.F.R. § 50.2, such dissemination thus being designated as a "routine use" of the information. The Court finds it difficult to accept that the disclosure of the requested information will constitute a routine use in the future, while disclosure of the same information at present constitutes an unwarranted invasion of privacy.

■ Having determined that the facts of this case do not involve the presence of substantial privacy concerns sufficient to trigger application of the balancing test, it follows that the disclosure of the limited information requested by the plaintiffs in the limited facts and circumstances of this case will not constitute an unwarranted invasion of privacy under § 552(b)(7) of the Freedom of Information Act. Thus, the Freedom of Information Act requires, and the Privacy Act does not prohibit, the disclosure of the requested information.

In reaching this decision, the Court recognizes that the information relating to the circumstances of an arrest, the scope of an investigation, and the general background of an individual can, and will, vary according to particular facts and circumstances. The Court emphasizes strongly that this decision does not provide the plaintiffs with a license to obtain from the defendants any type and amount of information about an arrested or indicted individual which they desire to publish.

Counsel will submit an appropriate declaratory judgment in accordance with this opinion.

---

1. The Court recognizes that the right of privacy for purposes of tort law is not necessarily the same as the right of privacy for purposes of the Freedom of Information and Privacy Acts. The Court believes, however, that the right of privacy in both instances exists primarily for the purpose of preventing or redressing the mental distress resulting from the public exposure of intimate and embarrassing personal details about the private life of an individual. Thus, the public personage idea derived from the tort cases is analogous to the situation here and can properly serve as an indication of whether publication of certain information constitutes an invasion of privacy.