417 F.Supp. 651 (1976)
COLUMBIA PACKING COMPANY, INC., Plaintiff,
v.
The UNITED STATES DEPARTMENT OF AGRICULTURE
and
Animal and Plant Health Inspection Service, Defendants.
Civ. A. No. 75-5230-M.
United States District Court, D. Massachusetts.
June 16, 1976.
*652 *653 Stephen R. Delinsky, Peabody, Brown, Rowley & Storey, Boston, Mass., for plaintiff.
Karin Kirksey Zander, Asst. U. S. Atty., U. S. Dept. of Justice, Boston, Mass., for defendants.

MEMORANDUM
FRANK J. MURRAY, District Judge.
In this Freedom of Information Act (FOIA) action, 5 U.S.C. § 552, the plaintiff (Columbia) seeks an order compelling the defendants, United States Department of Agriculture (USDA) and Animal and Plant Health Inspection Service (APHIS), to disclose the personnel records of two former APHIS meat inspectors, Mauriello and Germano. The defendants assert that the records are exempt from disclosure under exemption 6, 5 U.S.C. § 552(b)(6).
On November 22, 1974, administrative proceedings were instituted against Columbia to determine whether Columbia is unfit to receive federal meat and poultry inspection services because Columbia and one of its officers, Morris M. Sherman, were convicted of bribing federal meat inspectors. (See Exhibit A to Verified Complaint).[1] Columbia takes the position that it was the victim of harassment by meat inspectors, including Mauriello and Germano, who intended to and succeeded in eliciting the bribes. Mauriello and Germano were subsequently convicted of felonies for their conduct. Columbia hopes that disclosure of the personnel records will provide information substantiating its position and tending to mitigate its conduct.[2]
Resolution of the issue of whether the records are within exemption 6 involves questions of law which, so far as the court is aware, have not previously been decided in a factual context similar to this case.[3] *654 The statutory exemption exists for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy". 5 U.S.C. § 552(b)(6). The personnel records are exempt, therefore, only if their disclosure would constitute a "clearly unwarranted invasion of personal privacy". Department of the Air Force v. Rose, 425 U.S. 352, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11, 44 U.S.L.W. 4503, 4508-10 (1976); Robertson v. Department of Defense, 402 F.Supp. 1342 (D.D.C.1975). Determination of whether a particular disclosure results in such an invasion involves a balancing process in which the court weighs the individual's privacy interest in nondisclosure against the public interest in disclosure. Rose, supra; Ditlow v. Shultz, 170 U.S.App.D.C. 352, 517 F.2d 166 (1975); Wine Hobby USA, Inc. v. IRS, 502 F.2d 133 (3rd Cir. 1974); Rural Housing Alliance v. United States Department of Agriculture, 162 U.S.App. D.C. 122, 498 F.2d 73 (1974); Getman v. NLRB, 146 U.S.App.D.C. 209, 450 F.2d 670 (1971). In weighing the interests, the court is mindful that the Freedom of Information Act embodies a general policy of disclosure and that the exemptions to disclosure are strictly construed. See EPA v. Mink, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). Further, the language "clearly unwarranted" appearing in the statute "instructs the court to tilt the balance in favor of disclosure". Getman v. NLRB, supra at 674.
Within the framework of the principles outlined above, the following procedure is mandated. First, the court must determine whether disclosure would result in an invasion of personal privacy, and if so, how serious the invasion would be. Second, the court must determine the public interest in disclosure. Third, balancing these interests, the court must determine whether the records are exempt because their disclosure would result in a "clearly unwarranted invasion of personal privacy." See, e. g., Rural Housing Alliance v. United States Department of Agriculture, supra.
The privacy interests of the individual meat inspectors involved are weighty indeed. The records provide a detailed synopsis of each individual's career within the Department of Agriculture, data about family relationships, financial information and medical records. The records therefore contain "`intimate details' of a `highly personal' nature," Getman v. NLRB, supra at 675, the type of information that the privacy exemption was intended to protect. Further, since plaintiff seeks the personnel records of specified individuals, it is not possible to delete personal identifying details thereby protecting the individual's privacy interests to an extent. Compare Rural Housing Alliance v. United States Department of Agriculture, supra; Sears, Roebuck & Co. v. General Services Administration, 402 F.Supp. 378 (D.D.C.1975). Another factor in assessing the privacy interest is whether the information was given to the agency with the expectation of confidentiality. See Ditlow v. Shultz, supra; Rural Housing Alliance v. United States Department of Agriculture, supra. No facts brought to the attention of the court indicate that any of the information appearing in the records was given under a promise of confidentiality.[4] The information, however, is of the type that normally is not revealed even to an employer except with a justified expectation, if not a promise, of confidentiality.
*655 These several factors indicate that disclosure would result in a serious invasion of the substantial privacy interests at stake. However, Mauriello and Germano created a legitimate public interest in their careers by using their positions to become involved in illegal activities resulting in their convictions. To this extent, the privacy interests are diminished. See Tennessean Newspaper, Inc. v. Levi, 403 F.Supp. 1318 (M.D. Tenn.1975).
Initially, the public interest purposes asserted by Columbia do not appear very weighty. Columbia seeks the records to assist its defense in the administrative proceedings, i. e., to advance its own private interests, not the public interest. The FOIA is not intended to be an administrative discovery statute for the benefit of private parties. See Roger J. Au & Son, Inc. v. NLRB, 405 F.Supp. 1200 (W.D.Pa. 1976); cf., Title Guarantee Co. v. NLRB, 534 F.2d 484, at 491-492 (2d Cir. 1976). However, certain public interest purposes appear which are advanced, directly or indirectly, by the plaintiff here. First, there is a public interest in the availability of an adequate supply of wholesome meat and poultry. If the records sought assist Columbia in showing that it is entitled to continued receipt of meat and poultry inspection services, this interest will be served. There is the broader public interest in the correct adjudication of administrative proceedings. If the records sought assist Columbia in presenting to the administrative law judge all the relevant facts, the interest in correct adjudication will be served. Finally, the public has an interest in whether public servants carry out their duties in an efficient and law-abiding manner. Thus, there is a public interest in records of employees who abuse their positions to determine whether the agency's personnel evaluation and supervision procedures are working well. Cf. Ditlow v. Shultz, supra. To the extent that records plaintiff seeks show that APHIS' personnel practices need improvement, this public interest will be served. These public interest purposes are weighty.[5]
Whether, in light of the factors discussed above, the balance tips for or against disclosure must be determined as a factual matter individually for each record that the defendants assert is exempt. Most of the individual documents within the personnel files fall into one of three categories: evaluations, medical records, and financial records. In general, for records relating to the evaluation and advancement of Mauriello and Germano, the public interest in disclosure outweighs the privacy interest in nondisclosure. For medical records, the privacy interest outweighs the public interest in disclosure. For earnings statements reflecting merely the inspector's remuneration for a particular period (as opposed to records reflecting promotions or withingrade increases), the privacy interest in nondisclosure outweighs the public interest in disclosure of this personal financial information. Because of the great number of records submitted and examined by the court in camera, the court will merely list without further discussion those records which, upon consideration of the contents of the record and the legal principles outlined above, it has determined must be disclosed.
Accordingly, the defendants are hereby ordered to produce within ten (10) days the documents listed in the Appendix hereto for inspection and copying by the plaintiff. It *656 is further ordered that the defendants are enjoined from further proceedings in the case of In re Columbia Packing Company, Inc., FMIA Docket No. 2, PPIA Docket No. 1, until they have complied with the foregoing order of the court.

APPENDIX

Records of Domenic L. Germano
C&MS-301 Employee Appraisal 02-08-71
Memorandum dated 05-04-71: Germano to Supervisor, disagreeing
 with performance rating.
C&MS-301 Employee Appraisals (5): 01-21-71
 12-22-70
 05-12-70
 12-22-70
 07-10-70
AD-350 Notification of Personnel Action (2):
 WGI 08-09-70
 Reassignment 05-29-70
AD-350 Notification of Personnel Action
 Reassignment 09-19-69
AD-350 Notification of Personnel Action
 Promotion 08-09-68
AD-350-1 Notification of Personnel Action
 Reassignment 02-26-67
AD-350-1 Notification of Personnel Action
 Reassignment, Mass Change 11-06-66
AD-350-1 Notification of Personnel Action
 Change in Duty Station 01-30-66
AD-350-1 Notification of Personnel Action (2):
 Promotion 02-14-65
 Reassignment 08-02-64
AD-350-1 Notification of Personnel Action
 ReassignmentRIF 03-29-64
SF-50 Notification of Personnel Action
 Reassignment 12-21-61
SF-50 Notification of Personnel Action (3):
 Conversion to Career Appointment 10-20-61
 Reassignment 05-04-61
 Promotion 01-18-61
SF-50 Notification of Personnel Action (2):
 Reassignment & Change in Headquarters 03-17-59
 Career-Conditional Appointment 10-14-58
CSC-2800 Proof of Selection for Career (or Career-Conditional)
 Appointment 10-14-58
SF-61 Appointment Affidavits 10-20-58
SF-57 Application for Federal Employment 10-04-58
SF-85 Security Investigation Data for Nonsensitive
 Position 10-22-58 (2)
SF-57 Application for Federal Employment 08-01-58
SF-144 Statement of Prior Federal, Civilian and Military
 Service and Determination of Competitive
 Status undated
Letter dated 11-15-71: Irving W. Thomas to Dominic L.
 Germano relating to fringe benefits.

*657
Records of Joseph F. Mauriello
AD-350 Notification of Personnel Action
 Reassignment 01-08-71
AD-350 Notification of Personnel Action
 WGI 08-09-70
AD-350 Notification of Personnel Action
 Reassignment 05-28-70
AD-350 Notification of Personnel Action
 Reassignment 02-01-70
AD-350 Notification of Personnel Action
 Reassignment 09-19-69
MI-500 Employee Appraisal 01-09-68
MI-500-1 Advisory Appraisal 01-02-68
MI-500-1 Advisory Appraisal 05-09-67
AD-350 Notification of Personnel Action
 Promotion 08-09-68
AD-350-1 Notification of Personnel Action
 Reassignment 02-28-68
AD-350-1 Notification of Personnel Action
 Reassignment 11-06-66
AD-350-1 Notification of Personnel Action
 WGI 08-29-65
AD-350-1 Notification of Personnel Action
 Promotion 08-30-64
SF-50 Notification of Personnel Action
 Career Appointment 10-02-61
SF-50 Notification of Personnel Action
 Reassignment 01-03-61
SF-50 Notification of Personnel Action
 Promotion 10-13-60
SF-50 Notification of Personnel Action
 Career-Conditional Appointment 10-02-58
CSC-2800 Proof of Selection for Career (or Career-Conditional)
 Appointment 10-14-58
SF-61 Appointment Affidavits 10-06-58
SF-57 Application for Federal Employment 09-29-58
SF-85 Security Investigation Data for Nonsensitive
 Position 10-09-58
SF-144 Statement of Prior Federal, Civilian and Military
 Service and Determination of Competitive
 Status 09-29-58
CSC-258 Claims for Veteran's Preference 09-22-58
VA Form Letter Disability Compensation 09-08-58
SF-15 Veteran Preference Claim 09-29-58
SF-57 Application for Federal Employment 08-19-58
C&MS-301 Employee Appraisal 02-04-71
C&MS-301 Employee Appraisal 07-08-70
C&MS-301 Employee Appraisal 09-08-70
C&MS-301 Employee Appraisal 07-13-70
C&MS-301 Employee Appraisal 09-02-70
C&MS-301 Employee Appraisal 01-28-71

*658
C&MS-301 Employee Appraisal 06-02-70
CP-500 Employee Appraisal 02-19-70
MI-500-1 Employee Appraisal 01-31-69
CP-500-1 Employee Appraisal 02-18-70
FOB-PE-24 Promotion Follow-up 02-27-69
C&MS-642 Notice of Performance Rating 10-29-65
PD-62 Notice of Performance Rating 12-04-64
PD-62 Notice of Performance Rating 10-31-63
SF-52 Notification of Personnel Action
 Promotion 08-17-64
PD-62 Notice of Performance Rating 10-31-62
PD-62 Notice of Performance Rating 10-23-61
SF-52 Notification of Personnel Action
 Reassignment 12-23-60
SF-52 Notification of Personnel Action
 Promotion 10-10-60
PD-62 Notice of Performance Rating 10-19-59
PD-62 Notice of Performance Rating 09-10-59
PD-117 Supervisor's Appraisal Report 08-19-59
PD-117 Supervisor's Appraisal Report 07-28-59
PD-62 Notice of Performance Rating 04-07-59

NOTES
[1] Columbia asserts that it and its vice-president were not convicted but rather pleaded nolo contendere to the charges. See Exhibit B to Verified Complaint.
[2] See Plaintiff's Brief in Support of Its Motion for a Preliminary Injunction at 30-31.
[3] The court feels compelled to criticize the lack of cooperation evinced by the defendants. Faced with making an in camera inspection of hundreds of individual documents within the personnel files, the court ordered the defendants to submit an index listing each document for which an exemption from disclosure was asserted together with a detailed justification for each claim of exemption. Defendants submitted an index listing approximately 200 documents but the index contained no justification beyond the blanket assertion that the privacy exemption applied to all the documents. This leaves the court in substantially the same position as before the index was submitted; i. e., the court will be required to assess each document without the assistance of the defendants' justifications for the claims of exemption.

It is evident from the experience of this court that the Freedom of Information Act cases represent an expanding portion of the crowded docket. In this circumstance, agencies must cooperate with the courts to resolve these complex actions if the machinery of justice is not to grind even more slowly than it does at present. See Vaughn v. Rosen, 157 U.S.App.D.C. 340, 484 F.2d 820 (1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974); Cuneo v. Schlesinger, 157 U.S.App.D.C. 368, 484 F.2d 1086 (1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).
[4] Since the defendants bear the burden of showing that the records are exempt from disclosure, 5 U.S.C. § 552(a)(4)(B), the responsibility would seem to lie with them to show that the individuals involved had an expectation of privacy, if that is the fact.
[5] The court concludes that the broader public interest coincides with the public interest purposes advanced, directly or indirectly, by Columbia. In weighing both, the court is of the opinion that it should not limit itself merely to a consideration of the public interest purposes of the person seeking disclosure. This result stems from the statutory language entitling "any person" to obtain agency records which are not within one of the specific exemptions. 5 U.S.C. § 552(a)(3). Thus, the Supreme Court has held that an FOIA plaintiff in an administrative proceeding before the agency whose records he seeks neither enlarges nor diminishes his rights under the FOIA, NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 143 n.10, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). Disclosure should depend upon the weight of the broader public interest. Any other result would derogate the statutory "any person" language. In this case the court is not faced with an imbalance of the respective interests.