ASSOCIATED GENERAL CONTRACTORS, NORTHERN NEVADA CHAPTER, a nonprofit association, Plaintiff,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; Douglas M. Costle, Individually and as administrator, Environmental Protection Agency; Paul DeFalco, Jr., Individually, and as Regional Administrator, Environmental Protection Agency, Defendants.

Civ. No. R–79–139 BRT.

United States District Court,
D. Nevada.

May 1, 1980.

John J. McCune, Reno, Nev., for plaintiff.

B. Mahlon Brown, U. S. Atty., Shirley Smith, Asst. U. S. Atty., Reno, Nev., for defendants.

## ORDER GRANTING ATTORNEYS' FEES

BRUCE R. THOMPSON, District Judge.

This action was brought under the Freedom of Information Act (5 U.S.C. sec. 552) to compel disclosure of records of the United States Environmental Protection Agency which set forth "the qualifications including education, former employment, honors, degrees, advance degrees, articles published by and any other information in the custody of your agency which sets forth the qualifications" of three employees of the Agency. These employees allegedly had been instrumental in rejecting an environmental impact statement relating to the expansion of the Reno-Sparks Joint Wastewater Treatment Plant.

Written requests for the information were made on March 22, 1979. On April 2, 1979, the Regional Administrator of the Agency at San Francisco denied the requests. On April 30, 1979, plaintiff appealed the denial to the EPA Freedom of Information Officer. The Agency received the appeal on May 8, 1979, and did not decide it within twenty working days, i. e., on or before June 6, 1979. (5 U.S.C. sec.

552(a)(6)(A)(ii)). This action was filed on June 26, 1979. On July 25, 1979, the Agency issued a determination on the appeal and ordered disclosure of most of the information plaintiff had requested. The matter now before the Court is plaintiff's motion for costs and attorneys' fees.

Defendants argue that plaintiff has not shown that commencement of suit was necessary and had a substantial causative effect on production of the information. See: *Vermont Low Income Advisory Council v. Usery*, 546 F.2d 509 at 513 (2d Cir. 1975). Defendants also contend that discretion should be exercised against attorney fees because the delay was caused by a work backlog in the appellate section.

In this case, however, the problem exists not because of appellate delay but because of the initial denial by the Regional Administrator. This subordinate, although a fairly highly placed Agency official, demonstrated an attitude, a fear of assuming the responsibility to say "Yes", which is the cause of a great deal of bureaucratic maladministration of the curative legislation passed by the Congress. This same practice of "passing the buck" is probably also responsible for the asserted overwhelming backlog of cases in the appellate section.

The Regional Administrator's denial letter is copied in the appendix. The case authorities cited do not support the conclusions stated. The prime precedent, *Dep't of Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11, upheld compelled disclosure and emphasized that the Freedom of Information Act was passed because earlier legislation "was recognized as falling far short of its disclosure goals and came to be looked upon more as a withholding statute than a disclosure statute" (p. 360, 96 S.Ct. p. 1599) and "no reason would exist for nondisclosure in the absence of a showing of a clearly unwarranted invasion of privacy." (p. 371, 96 S.Ct. p. 1604). One case cited, *Ditlow v. Shultz*, 517 F.2d 166 (D.C.Cir.1975), while withholding final decision, plainly favors disclosure. The court said:

In order to justify denial of appellant's request based on exemption 6, the Secretary must show both that the material sought qualifies as a personnel, medical or similar file and that disclosure would constitute a 'clearly unwarranted invasion of personal privacy.' In ruling on FOIA appeals, we are mindful that the Act 'creates a liberal disclosure requirement, limited only by specific exemptions which are to be narrowly construed.' In addition to the Act's general presumption of disclosure, the 'clearly unwarranted invasion of personal privacy' language expresses 'a carefully considered congressional policy favoring disclosure' which 'instructs the court to tilt the balance in favor of disclosure.'

Again in *Getman v. N. L. R. B.*, 450 F.2d 670 (D.C.Cir.1971), disclosure was compelled and the court held that the courts had no discretion to refuse disclosure unless the records were explicitly allowed to be kept secret by a statutory exemption. Finally, in *Columbia Packing Co., Inc. v. U. S. Dept. of Agriculture*, 417 F.Supp. 651 (D.C.Mass. 1976), *aff.* 563 F.2d 495 (1st Cir. 1977) substantial disclosure of personnel records was ordered, as listed on pages 656–658 of the district court opinion.

■ We find nothing in any of the case authority justifying a conclusion that a showing of public benefit is a controlling or even paramount factor. This is just one of four factors that Congress emphasized, the others being the commercial benefit to the plaintiff, the nature of plaintiff's interest in the records sought, and whether the government's withholding has a reasonable basis in the law. See: *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978).

■ In the instant case, the fourth factor is controlling. The statute requires disclosure. It cannot be said under any standard of reasonableness that information regarding the education, former employment, academic achievements and qualifications of employees are so personal that disclosure would "constitute a clearly unwarranted invasion of personal privacy." Most of such information is a matter of public record somewhere.

864

The Regional Administrator's failure to follow and apply the very case authority which he cited caused the expense of an administrative appeal and the expense of instituting suit. We agree, however, with Judge Gasch of the District of Columbia, who in *Kennedy v. Andrus*, 459 F.Supp. 240 (D.D.C.1978), held that under 5 U.S.C. sec. 552a(g)(2)(B) attorneys' fees cannot be assessed for services rendered in the administrative proceedings seeking disclosure, but only for services in connection with litigation.

Here plaintiff waited twenty extra days before filing suit. The action was necessary to effectuate compliance with the Act and it is reasonable to conclude that disclosure would have been longer delayed if suit had not been brought. This is the type of case where attorney fees are warranted. Plaintiff is entitled to reasonable compensation for services rendered in filing the action and in presenting the motion for attorneys' fees and costs.

Accordingly,

*IT HEREBY IS ORDERED* that costs are awarded to plaintiff to be billed and taxed in accordance with Local Rule 20 and plaintiff shall also have judgment for attorneys' fees which will be considered and determined at a hearing to be held at 3:00 p. m. on May 9, 1980.

APPENDIX

Apr 2, 1979

"Mr. John J. McCune

241 Ridge Street, Suite 400

Reno, Nevada 89501

Re: *Freedom of Information Act Request*

Request Identification Number 79–28,

Richard Williamson, James Thompson, John Wise

Dear Mr. McCune:

Region IX of the U. S. Environmental Protection Agency has received your Freedom of Information Act Request, dated March 22, 1979. We have reviewed the matter and have determined that all of the material you have requested is exempt from mandatory disclosure under 5 U.S.C. § 552(b)(6).

The exemption provided in § 552(b)(6) includes 'personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.' The material you have requested is wholly personal information regarding the education, former employment, academic achievements, and qualifications of certain EPA employees.

Both the Act itself and cases which interpret the Act have stated that exemption (b)(6) requires a balancing of interests between the individual's right of privacy and the public's right to government information. Since your request does not indicate the existence of any public interest which would be served by disclosure, the balance must tip in favor of protecting the privacy of EPA employees. See *Getman v. NLRB*, 450 F.2d 670 (D.C.Cir., 1971); *Ditlow v. Shultz*, 517 F.2d 166 (D.C.Cir.1975); *Dept. of Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); *Columbia Packing Co., Inc. v. U. S. Dept. of Agriculture*, 417 F.Supp. 651 (D.Mass., 1976) aff'd 563 F.2d 495 (1st Cir., 1977).

EPA policy favors the fullest possible disclosure of records to the public, consistent with the rights of individuals to privacy, 40 CFR § 2.101(a). However, we feel that disclosure of intimate personnel information pursuant to a general request which contains no evidence of public interest would undermine the right of privacy of EPA employees.

This letter constitutes our initial denial of your request pursuant to 40 CFR § 2.113. You may appeal this initial denial by written appeal, within 30 days of receipt of this letter, to:

EPA Freedom of Information Officer, A–101

401 M Street, S.W.

Washington, D. C. 20460.

Your appeal letter should contain the information required by 40 CFR § 2.114.

Very truly yours,

s/ Sheila M. Prindiville

(for) Paul De Falco, Jr.

Regional Administrator"