JAMES A. HARDMAN, JUNIOR, *vs.* COLLECTOR OF TAXES OF NORTH ADAMS.

Berkshire. September 19, 1944. — January 2, 1945.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Public Record. Municipal Corporations*, Officers and agents, Public records. *Taxation*, Collector of taxes, Assessors of taxes. *North Adams.*

The provisions of § 45 of the charter of North Adams, St. 1895, c. 148, being the last of a group of sections, beginning with § 35, under "Title 7. Powers and Duties of Officers," that "every officer above named . . . shall keep a record of all official transactions, and such record shall be open to public inspection," did not apply to its collector of taxes, a collector of taxes being a public officer, and the only reference to the office in the charter previous to § 45 being in the list of administrative offices in § 34 designating a "city treasurer, who shall also be collector of taxes."

A tax list committed to the collector of taxes of a city by the assessors pursuant to G. L. (Ter. Ed.) c. 59, §§ 53, 54, is not in the hands of

---

the collector a public record as defined by c. 4, § 7; Twenty-sixth, which a citizen, taxpayer, and voter of the city has a right to inspect under c. 66, § 10, enforceable by mandamus on the ground that he cannot otherwise get access to the information therein contained: § 10 gives him a right to inspect the assessors' valuation list, of which the tax list is essentially a copy.

A citizen, taxpayer and voter of a city, who is not an official or other person designated in G. L. (Ter. Ed.) c. 60, § 8, has no right under c. 4, § 7, Twenty-sixth; c. 66, § 10, to inspect the entries of payments of taxes made by the collector of taxes on the tax list committed to him by the assessors and in his cash book.

PETITION, filed in the Superior Court on November 6, 1943, for a writ of mandamus.

The case was heard by *Burns*, J.

*W. A. O'Hearn*, for the petitioner.

*S. E. Levine*, City Solicitor, for the respondent.

DOLAN, J. This is a petition for a writ of mandamus brought by a citizen, taxpayer and voter of the city of North Adams to compel the respondent to permit him to inspect and examine the "commitment sheets, or tax ledger," and the daily cash book in the custody of the respondent as collector of taxes of the city. After hearing upon the petition and answer, the judge, finding the facts "to be substantially as alleged by the petitioner," denied the petition. The case was argued before us on the petitioner's exceptions to the denial of certain of his requests for rulings of law. Since the result will be the same in any event, we deal with the case as it has been argued before us without discussing questions of procedure.

The facts alleged in the petition and admitted by the respondent's answer may be summed up as follows: The respondent by virtue of his office as city treasurer is city collector of the city of North Adams under the provisions of § 34, Title 6, of its charter, St. 1895, c. 148, as amended. As collector of taxes he has the custody of a number of loose sheets, known as commitment sheets and when assembled as the tax ledger. These sheets "contain a list of all owners of real estate, and the amount of taxes due from each taxpayer, as determined by the board of assessors," and are committed to the collector of taxes each year. He also has a daily cash book in which is entered each payment received

by him as collector of taxes. The petitioner by a writing dated November 1, 1943, requested the respondent to permit him to inspect and examine the commitment sheets or tax ledger and also the daily cash book for the year 1943 but the request was denied by the respondent. At the close of the hearing the petitioner made certain requests for rulings which were denied by the judge. The only issue presented by these requests is whether the "tax list" (see G. L. [Ter. Ed.] c. 60, §§ 4, 6) committed to the collector by the assessors, together with the entries made by the collector thereon, and his "cash book" (see G. L. [Ter. Ed.] c. 60, § 7) are public records which the petitioner is entitled as of right to inspect and examine.

The contention of the petitioner is that the tax list and cash book kept by the collector are public records open to public inspection within the meaning of G. L. (Ter. Ed.) c. 66, § 10, and within the meaning of § 45 of the city charter, and that no limitation of this alleged right is imposed by G. L. (Ter. Ed.) c. 60, § 8. Section 45 of the city charter provides that "Every board, and every officer above-named not a member of a board, shall keep a record of all official transactions, and such record shall be open to public inspection." While it is true that the provisions of G. L. (Ter. Ed.) c. 60, § 8, were enacted before the special act granting the charter in question to the city, we are of opinion that the provision of § 45 of the charter relied upon by the petitioner has no application to the office of city collector. That section applies only to "Every board, and every officer above-named not a member of a board." The section is included under "Title 7. Powers and Duties of Officers."[1] There is no reference in any of the sections under that title to the office of city collector. The only reference in the charter to the city collector, other than that in § 46 fixing the salary of the "tax collector and treasurer" at a single sum, is in § 34 under the title of administrative officers. Among them is named "a city treasurer, who shall also be collector of taxes." But the office of city treasurer

---

[1] The sections in the charter run consecutively from § 1 to and including § 65. Those under Title 7 are §§ 35–45, inclusive. — REPORTER.

and the office of city collector are nevertheless distinct offices, and it is settled that collectors of taxes are public officers having their duties defined by law, and that they are not agents of the towns or cities in the performance of their duties prescribed by the laws of the Commonwealth even though elected by the respective municipalities. *Rossire* v. *Boston,* 4 Allen, 57. *Graton* v. *Cambridge,* 250 Mass. 317. A "statute is not to be deemed to repeal or supersede a prior statute in whole or in part in the absence of express words to that effect or of clear implication." *Egan* v. *Mayor of Boston,* 298 Mass. 448, 450, and cases cited. *Commonwealth* v. *Bloomberg,* 302 Mass. 349, 351. We therefore must look to the provisions of the General Laws in determining the questions presented for decision.

General Laws (Ter. Ed.) c. 4, § 7, Twenty-sixth, provides as follows: "'Public records' shall mean any written or printed book or paper, any map or plan of the commonwealth, or of any county, city or town which is the property thereof, and in or on which any entry has been made or is required to be made by law, or which any officer or employee of the commonwealth or of a county, city or town has received or is required to receive for filing, and any book, paper, record or copy mentioned in sections five to eight, inclusive, and sixteen of chapter sixty-six, including public records made by photographic process as provided in section three of said chapter."

General Laws (Ter. Ed.) c. 66, § 10, provides as follows: "Every person having custody of any public records shall, at reasonable times, permit them to be inspected and examined by any person, under his supervision, and shall furnish copies thereof on payment of a reasonable fee. In towns such inspection and furnishing of copies may be regulated by ordinance or by-law."

These statutes as well as all the pertinent statutes relating to the same subject matter should be considered as a whole and, if possible, be so construed as to make them effectual pieces of legislation "in harmony with common sense and sound reason." *Kilby Bank, petitioner,* 23 Pick. 93, 94. *Morrison* v. *Selectmen of Weymouth,* 279 Mass.

486, 492. *Tilton* v. *Haverhill*, 311 Mass. 572, 577, 578. *Ring* v. *Woburn*, 311 Mass. 679, 693. Therefore we must consider the very important provisions of G. L. (Ter. Ed.) c. 60, § 8, which provides specifically for the examination of the books, accounts and vouchers of collectors of taxes as follows: "All books kept by the collector, which shall be approved as to form by the commissioner, shall be furnished by, and be the property of, the town, and shall be at all reasonable times open to examination by the auditor of such town or any other agent thereof duly authorized therefor. The collector shall, on demand by the mayor, aldermen or selectmen, exhibit to them or to any persons whom they designate, at any time during ordinary business hours, the books, accounts and vouchers relating to taxes committed to him for collection and to his receipts and payments on account of taxes; and they, or the persons designated by them, shall have full opportunity to examine said books, accounts and vouchers, and to make copies and extracts therefrom." We are of opinion that, by the true construction of that section, the papers and book in question are not public records subject to public examination within the meaning of G. L. (Ter. Ed.) c. 4, § 7, Twenty-sixth, or of G. L. (Ter. Ed.) c. 66, § 10, since a contrary intent clearly appears in the specific provisions of G. L. (Ter. Ed.) c. 60, § 8. The tax list in question containing the names of the owners, the character of the property and the taxes assessed thereon was not made by the collector. It was made by the assessors from their valuation list which was entered in their books in the form and manner prescribed by G. L. (Ter. Ed.) c. 59, §§ 43–52, and was committed by them with their warrant to the collector of taxes as provided by §§ 53, 54. In so far as the list contains the name of the taxpayer, the property taxed, and the valuation placed thereon, that information was taken as just stated from the valuation list entered in the books of the assessors. As it was transmitted to the collector it was in essence a copy of the valuation list entered in the assessors' books to which anyone could have access under G. L. (Ter. Ed.) c. 66, § 10. *Commonwealth* v. *Segee,*

218 Mass. 501, 503. *Larsen* v. *Dillenschneider*, 235 Mass. 56, 57–58. See *Hobart* v. *Commissioner of Corporations & Taxation*, 311 Mass. 341. With respect to the contents of the valuation list as committed by the assessors to the collector, the contention of the petitioner that he has no recourse except by this proceeding to obtain the right to inspect the list is erroneous as matter of law since that information is available to him by inspection of the books of the assessors.

The question remains whether the entries of payments of taxes made by the collector on the tax list transmitted to him and his cash book are records open to inspection and examination by any person. In *New England Box Co.* v. *C & R Construction Co.* 313 Mass. 696, 703, construing G. L. (Ter. Ed.) c. 4, § 7, Twenty-sixth, in connection with other statutes, the court said that if an entry was "required to be made by law, then, in construing statutes, unless a contrary intention clearly appears, the words 'public records' therein include any written or printed book in which such an entry, so required, has been made." See also *Allen* v. *Kidd*, 197 Mass. 256, 259. We are of opinion that the provisions of G. L. (Ter. Ed.) c. 60, § 8, relative to the examination of the books, accounts and vouchers relating to taxes committed to a collector of taxes for collection and to his receipts and payments on account of taxes do show a contrary intent and demonstrate that it was the intention of the Legislature that an examination should be made at all reasonable times, in the manner there prescribed, by the auditor of the town or city, or other agent thereof duly authorized, or upon demand by the mayor, aldermen or selectmen, or any person whom they designate. It is further provided by G. L. (Ter. Ed.) c. 60, § 94, that the "aldermen or selectmen may require the collector once in two months to exhibit to them a true account of all money received on the taxes committed to him, and to produce the treasurer's receipts for all money paid into the treasury by him." By § 96, if a collector refuses on demand to exhibit to the aldermen or selectmen his books, vouchers and accounts of collec-

tions as provided in c. 60, they may remove him from office. By § 99 a penalty consisting of a forfeiture is prescribed for such failure. By § 102 a penalty of punishment by fine is prescribed in case of violation of § 8. See also G. L. (Ter. Ed.) c. 58, § 7.

By these provisions of the statutes specifically governing the examination of the records of a tax collector, it seems manifest that ample means have been provided for their inspection upon demand of the proper authorities or any person designated by them to conduct the examination. Unless a person is in possession of information which leads him to believe that the collector is derelict in his duty, it would seem that the collector's entries of receipts and payments would be of little interest to him. But if one is possessed of such information he may readily have recourse to an application to the authorities designated in G. L. (Ter. Ed.) c. 60, § 8, and it is to be presumed that, upon probable cause shown, they will proceed in accordance with their duty to examine the records of the collector or to designate the complaining or other person to examine them. The governing statute was doubtless enacted for the orderly conduct of the business of the collector and to prevent its interruption by what might be capricious demands for inspections of his books, accounts and vouchers by indiscriminate persons. We conclude that the records sought to be examined by the petitioner are not open to his inspection as a matter of right under the governing statutes.

*Exceptions overruled.*