377 Mass. 151 (1979)
385 N.E.2d 505
ATTORNEY GENERAL
vs.
COLLECTOR OF LYNN & others.[1]
Supreme Judicial Court of Massachusetts, Essex.
October 4, 1978.
January 26, 1979.
Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.
Jonathan Brant, Assistant Attorney General, for the plaintiff.
Nicholas Curuby, Assistant City Solicitor of Lynn (Andrew J. Dilk, Town Counsel of Adams, & Henry P. Grady, City Solicitor of Worcester, with him) for the defendants.
Joseph Markarian, Jr., for Massachusetts Fair Share, Inc., amicus curiae, submitted a brief.
ABRAMS, J.
The Attorney General appeals from a ruling that records of tax delinquents are not public records open to public inspection. See G.L.c. 66, § 10(a); G.L.c. 4, § 7, Twenty-sixth. We reverse and declare that records *152 of tax delinquents are public records open to inspection.
This action arises out of a request by individual members of Lynn Fair Share (an unincorporated association) to the collector of Lynn for lists of owners of real property in Lynn who were delinquent in the payment of their real estate taxes. The requested list included the names of the owners of real estate, addresses or descriptions of the parcels, and the total amounts of unpaid taxes respecting each of the parcels. The collector responded that the records were not available to the public. Members of Lynn Fair Share then requested a ruling from the supervisor of public records for the Commonwealth, who concluded that the records were public and ordered that they be made available for public inspection and copying. The collector did not comply with the ruling. The supervisor of public records requested the Attorney General to initiate procedures to enforce the ruling. See G.L.c. 66, § 10(b). The Attorney General instituted this action.
At issue is whether records of tax delinquents are exempted from disclosure by G.L.c. 4, § 7, Twenty-sixth (a) and (c). The judge concluded that the records were exempted from the definition of public records specifically and by necessary implication of G.L.c. 60, § 8. See G.L.c. 4, § 7, Twenty-sixth (a). The judge also ruled that the records were not public because disclosure would constitute an invasion of privacy. See G.L.c. 4, § 7, Twenty-sixth (c). We disagree.
Effective in 1974, the definition of public records under G.L.c. 4, § 7, Twenty-sixth, was changed. St. 1973, c. 1050, §§ 1, 7. Under the prior definition, public records were either "those in which `any entry has been made ... [pursuant to a legal requirement]' [or] ... those in which `any entry ... is required to be made by law.'" Town Crier, Inc. v. Chief of Police of Weston, 361 Mass. 682, 687 (1972). Attorney Gen. v. Assessors of Woburn, 375 Mass. 430, 431-432 (1978). Consequently, a determination of whether records were public records was based on an *153 analysis of why the records were made and not on what information they contained.
The new definition of public records on the other hand is broader than the old and encompasses "all `documentary materials or data, regardless of physical form or characteristics ... received by any ... authority of the commonwealth' unless the documents fall within certain stated exemptions." Wolfe v. Massachusetts Port Auth., 366 Mass. 417, 421 n. 3 (1974). Attorney Gen. v. School Comm. of Northampton, 375 Mass. 127, 131 (1978). Bougas v. Chief of Police of Lexington, 371 Mass. 59, 61 (1976).
Moreover, G.L.c. 66, § 10(a) (as amended through St. 1978, c. 294), provides in relevant part that "[e]very person having custody of any public record, as defined in clause twenty-sixth of section seven of chapter four, shall ... furnish one copy thereof upon payment of a reasonable fee." General Laws c. 66, § 10(c), as amended through St. 1973, c. 1050, § 3, provides that "[i]n any court proceeding ... there shall be a presumption that the record sought is public, and the burden shall be upon the custodian to prove with specificity the exemption which applies."
Of the nine exemptions ([a] through [i]) set forth in G.L.c. 4, § 7, Twenty-sixth, the judge found two of the exceptions applicable to the facts presented. Those two exemptions to the public records definition found applicable by the judge were "(a) specifically or by necessary implication exempted from disclosure by statute," and "(c) ... materials or data relating to a specifically named individual, the disclosure of which may constitute an invasion of personal privacy."
First, the judge found that the records sought were exempted from the definition of public records by necessary implication of G.L.c. 60, § 8,[2] and thus the exemption *154 in (a) applied. General Laws c. 60, § 8, essentially provides that the records of a collector shall be open to inspection by the town auditor or other agent of the town at all reasonable times. Section 8 also requires that a collector exhibit the records on demand to other named town officials or to those designated by them, and a collector must afford those officials full opportunity to examine and copy those records.
The collectors argue that § 8 creates an exclusive list of those who may inspect a collector's records, necessarily implying a denial to all others of the right to inspect. In support of this contention, the collectors rely on Hardman v. Collector of Taxes of N. Adams, 317 Mass. 439 (1945). Hardman held that records kept by the collector which disclosed the tax due and the amount paid on a parcel of real estate were not public records. We concluded that G.L.c. 60, § 8, demonstrated an intent that only the officials listed therein or persons designated by them had a right to inspect the records. Id. at 445.
The collectors argue that the Legislature, in amending the definition of public records (G.L.c. 4, § 7, Twenty-sixth), demonstrated no intent to overrule Hardman or to repeal G.L.c. 60, § 8. They assert that, if the Legislature intended to alter the Hardman holding or the meaning of § 8, it would have amended or repealed G.L.c. 60, § 102, which establishes penalties for any collector who does not comply with § 8.
We disagree. No language in § 8 suggests that the provision was meant to restrict the right to inspect records *155 under G.L.c. 66, § 10. In fact, the right of officials to inspect under G.L.c. 60, § 8, complements the right of citizens to inspect under G.L.c. 66, § 10.
Officials responsible for managing town affairs have a greater need and responsibility to inspect town financial records than do ordinary citizens. Accordingly, G.L.c. 60, § 8, gives town officials faster and more expeditious access to those records than G.L.c. 66, § 10, gives to ordinary citizens. Under § 8, a collector's records must be open to the town auditor at all reasonable times, and must be open to other officials on demand during ordinary business hours. These officials must be given full opportunity to make copies of the records. If a collector refuses to allow examination and copying by the official, he may be fined. G.L.c. 60, § 102.
The citizen's right to inspect records under G.L.c. 66, § 10, is more limited. The custodian of records has ten days within which to comply with a request for inspection and must allow inspection "at reasonable times and without unreasonable delay." The citizen must inspect the records under the supervision of the custodian of those records, and is entitled to one copy of the records on payment of a reasonable fee. If the custodian refuses to allow inspection, the citizen may resort to administrative remedies.
In sum, § 8 creates an expedited inspection process for officials, recognizing the strong public interest favoring full knowledge of town financial records by such officials. Section 10 creates a more complex process for ordinary citizens, reflecting less public interest in such inspection. We think that G.L.c. 60, § 8, is harmonious with G.L.c. 60, § 10. We conclude that records of tax delinquents are not exempted from disclosure by necessary implication of G.L.c. 60, § 8.[3]
*156 Next, the collectors argue that the lists of tax delinquents are exempted from public inspection by G.L.c. 4, § 7, Twenty-sixth (c), because disclosure would constitute an invasion of personal privacy. The judge below agreed.
Analysis under exemption (c) requires a balancing between the seriousness of any invasion of privacy and the public right to know. See Hastings & Sons Publishing Co. v. City Treasurer of Lynn, 374 Mass. 812, 818-819 (1978). The balancing process parallels that required by analogous Federal law.[4]Department of the Air Force v. Rose, 425 U.S. 352, 372 (1976). Where the public interest in obtaining information substantially outweighs the seriousness of any invasion of privacy, the private interest in preventing disclosure must yield to the public interest. Campbell v. United States Civil Serv. Comm'n, 539 F.2d 58, 62 (10th Cir.1976).
*157 Public disclosure of the lists of tax delinquents does involve some invasion of personal privacy. Publication of one's name on such a list would certainly result in personal embarrassment to an individual of normal sensibilities. See Wine Hobby USA, Inc. v. United States Internal Revenue Serv., 502 F.2d 133, 136-137 (3d Cir.1974); Metropolitan Life Ins. Co. v. Usery, 426 F. Supp. 150, 167-169 (D.D.C. 1976). However, we cannot say that disclosure publicized "intimate details" of a "highly personal" nature.[5] Compare Columbia Packing Co. v. United States Dep't of Agriculture, 417 F. Supp. 651, 654 (D. Mass. 1976), aff'd 563 F.2d 495 (1st Cir.1977); Rural Hous. Alliance v. United States Dep't of Agriculture, 498 F.2d 73, 77 (D.C. Cir.1974). In Hastings & Sons Publishing Co. v. City Treasurer of Lynn, 374 Mass. 812, 817-818 (1978), this court held that the names and salaries of police officers were not intimate details of a highly personal nature, and ordered their disclosure. The records of tax delinquents which are the subject of the present case do not disclose such private information as a person's income or his financial relationship with other private persons. The records disclose only whether an owner is meeting his public responsibilities. While an owner of property may have some expectation of privacy in real estate tax records, he does not have the same expectation of privacy concerning his legal obligation as he has in his private financial affairs.
Moreover, the seriousness of any invasion of privacy resulting from disclosure of the records of real estate tax delinquents is reduced since substantially the same information is available from other sources. See Campbell v. United States Civil Serv. Comm'n, 539 F.2d 58, 61 (10th Cir.1976). Even under the Hardman case the name of the taxpayer, a description of the property, and the valuation *158 of the property were publicly available through the assessors' books. Hardman, supra at 443. Additionally, anyone may for a fee obtain a certificate itemizing all amounts payable on account of tax liens on a piece of property. G.L.c. 60, §§ 23, 23A. The public availability of this information reduces the owner's expectation of privacy in nondisclosure of the list of tax delinquents.
Finally, any invasion of privacy resulting from disclosure of the records of tax delinquents is also outweighed by the public right to know whether the burden of public expenses is equitably distributed, and whether public employees are diligently collecting delinquent accounts. The public has an interest in knowing whether public servants are carrying out their duties in an efficient and law-abiding manner.[6]Columbia Packing Co. v. United States Dep't of Agriculture, 417 F. Supp. 651, 655 (D. Mass. 1976). Thus we think that the public interest in such information outweighs any invasion of privacy occasioned by the disclosure of the records of tax delinquents.
We conclude that the lists of real estate tax delinquents are public records as defined by G.L.c. 4, § 7, Twenty-sixth, and must be open to inspection pursuant to G.L.c. 66, § 10. A declaration should be entered to that effect.
Judgment reversed.
NOTES
[1] The collectors of Worcester, Adams, and Clinton intervened as defendants and filed answers. Massachusetts Fair Share, Inc., submitted an amicus brief in support of the Attorney General's position.
[2] General Laws c. 60, § 8, reads: "All books kept by the collector, which shall be approved as to form by the commissioner, shall be furnished by, and be the property of, the town, and shall be at all reasonable times open to examination by the auditor of such town or any other agent thereof duly authorized therefor. The collector shall, on demand by the mayor, aldermen or selectmen, exhibit to them or to any persons whom they designate, at any time during ordinary business hours, the books, accounts and vouchers relating to taxes committed to him for collection and to his receipts and payments on account of taxes; and they, or the persons designated by them, shall have full opportunity to examine said books, accounts and vouchers, and to make copies and extracts therefrom."
[3] Hardman v. Collector of Taxes of N. Adams, 317 Mass. 439 (1945), requires no different conclusion. Hardman was decided under the more restricted pre-1973 definition of public records. The fact that the Legislature did not expressly overrule Hardman or amend G.L.c. 60, §§ 8, 102, is of no significance in this case. The Legislature substantially amended the definition of public records in G.L.c. 4, § 7, on which Hardman was based, thereby undercutting the basis of that decision.

The judge below noted that Hardman was "substantially followed" in Dunn v. Assessors of Sterling, 361 Mass. 692 (1972). However, Dunn was also decided under the restricted pre-1973 definition of public records, and the 1973 amendment casts doubt on the continued validity of the holding. Attorney Gen. v. Assessors of Woburn, 375 Mass. 430, 433 (1978).
[4] Federal law exempts from disclosure records which would constitute a "clearly unwarranted" invasion of personal privacy. 5 U.S.C. § 552(b)(6) (1976). The Massachusetts statute which exempted records, disclosure of which would constitute "an invasion of personal privacy," was amended in 1977 by adding the qualifier "unwarranted" before "invasion of personal privacy." St. 1977, c. 691, § 1. The amendment brings the State statute more in line with its Federal counterpart, and increases the burden on the party relying on exemption (c) to resist disclosure. See Special Legislative Commission of Privacy, Second Interim Report, 1977 House Doc. No. 6106 at 9-10. The parties to this appeal have not addressed the applicability of the amendment to the present case which was instituted prior to the effective date of the amendment. While we think the amendment applicable to this case, we need not rely on it because the result is the same whether or not the amendment applies. See Attorney Gen. v. School Comm. of Northampton, 375 Mass. 127, 131 n. 4 (1978).
[5] Constitutional rights of privacy have extended only to fundamental personal matters such as marriage and procreation. Opinion of the Justices, 375 Mass. 795, 806 (1978).
[6] The collectors argue that the public interest in disclosure is minimal because a collector is required by statute eventually to publish his delinquent accounts, see G.L.c. 60, §§ 24, 25. However, the public has an interest in knowing whether the collector complies with the spirit and letter of these statutory requirements.