GERALD C. JOHNSON vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Middlesex. December 6, 1978. — February 5, 1979.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, LIACOS, & ABRAMS, JJ.

*Employment Security*, Eligibility for benefits, Misconduct by em-
    ployee.

Where a probationary employee was specifically warned against tardi-
    ness but was late to work three of the first five days he worked, his
    conduct amounted to "deliberate misconduct in wilful disregard of
    the employing unit's interest" within the meaning of G. L. c. 151A,
    § 25 (e) (2). [230]

PETITION filed in the District Court of Marlborough on
October 28, 1977.

The case was heard by *Belmonte, J.*

*Dean Carnahan* for Gerald C. Johnson.

*George J. Mahanna,* Assistant Attorney General, for
the Director of the Division of Employment Security.

BRAUCHER, J. The claimant seeks review of a decision
denying him unemployment compensation benefits. He
was employed as a floor worker for a thirty-day proba-
tionary period and was warned that tardiness would not
be tolerated. He started to work on Tuesday, June 14,
1977, and was late to work on Thursday, June 16, on
Friday, June 17, and on Monday, June 20. He was dis-
charged on Friday, June 24. We uphold a finding that the
discharge was "attributable solely to deliberate miscon-
duct in wilful disregard of the employing unit's interest."
G. L. c. 151A, § 25(e)(2).

---

[1] Bemis Associates, Inc.

The director of the Division of Employment Security denied the claim for benefits, and after a hearing a review examiner made the finding in question. The board of review denied further review, and the decision of the review examiner became the decision of the board. G. L. c. 151A, § 41. On the claimant's appeal pursuant to G. L. c. 151A, § 42, the judge ruled that the decision was supported by substantial evidence and not based on any error of law. He affirmed the board's decision and reported the case to this court.

The purpose of § 25(e)(2) is "to deny benefits to a claimant who has brought about his own unemployment through intentional disregard of standards of behavior which his employer has a right to expect." *Garfield* v. *Director of the Div. of Employment Security, ante* 94, 97 (1979). *Smith* v. *Director of the Div. of Employment Security*, 376 Mass. 563, 566 (1978). *Goodridge* v. *Director of the Div. of Employment Security*, 375 Mass. 434, 436-437 (1978). The claimant gave excuses for his tardiness on the first two occasions, and was only a few minutes late on the third. But the review examiner was not required to believe the excuses, and no excuse was given for the third instance. In a situation of probationary employment after a warning against tardiness, there was substantial evidence, as the judge ruled, that the combination of the three instances constituted "deliberate misconduct" within the meaning of the statute.

*Decision of the*
*District Court affirmed.*