ROSALIE LEWIS *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1]  February 11, 1980.  The plaintiff was denied unemployment benefits because the board of review of the Division of Employment Security determined that her discharge was "for deliberate misconduct in wilful disregard of the employing unit's interest." G. L. c. 151A, § 25 (e) (2).

The review examiner, whose decision was adopted by the board as its decision, found that on May 19, 1977, the plaintiff created "a loud disturbance" when she proceeded to enter her employer's premises (General Dynamics) wearing a jacket on which the words "Strike — G.D." had been printed.  A guard objected to the plaintiff's entering the premises wearing the jacket because he had been instructed on May 18, 1977, to prevent another employee from entering the premises wearing the same jacket.  The plaintiff refused to follow the guard's instructions and wore the jacket for about fifteen minutes in the employer's premises before changing into working gear.  The review examiner found that the plaintiff was discharged because (1) she wore an "unauthorized jacket advocating a strike on the employer's premises during the process of collective bargaining negotiations," (2) she violated enforced company rules and regulations, and (3) she created a loud disturbance.  The review examiner ordered benefits to be denied, and the board of review by a two to one vote, affirmed the decision of the review examiner.  The plaintiff appealed to the District Court.  A District Court judge affirmed the board of review's decision and reported the case to this court.  G. L. c. 151A, § 42.

In her appeal the plaintiff alleges that her conduct was protected by the National Labor Relations Act; that her conduct did not violate the collective bargaining agreement; and that the finding that the plaintiff created a disturbance was not based on substantial evidence.  Subsequent

---

[1] General Dynamics Corporation was also named a defendant.

to the entry of the plaintiff's appeal, an N.L.R.B. arbitrator selected by the parties to arbitrate an unfair labor practice charge filed by the plaintiff against General Dynamics found against the plaintiff on the first two issues raised by the plaintiff. An N.L.R.B. regional director deferred to this arbitrator's award, and the N.L.R.B. general counsel denied the plaintiff's appeal from this regional decision. At oral argument, the defendants argued a motion to include the arbitration report, and subsequent N.L.R.B. decisions in the record before this court. The plaintiff opposed the motion. Since the plaintiff and her employer were parties in those proceedings, we allow the motion. We conclude that the arbitration decision based on Federal law forecloses our consideration of the first two issues raised by the plaintiff. See, e.g., *Nash* v. *Florida Indus. Comm'n*, 389 U.S. 235, 238 (1967).

The plaintiff claims that the finding of the review examiner that the plaintiff created a "loud disturbance" is not supported by substantial evidence. We think this claim is without merit. The review examiner correctly received in evidence an incident report by the guard at the gate. See G. L. c. 30A, § 11 (4). The report indicated that the plaintiff was "yelling and screaming" and that other workers were coming "looking in the door and windows." The guard, therefore, let the plaintiff enter the premises. The plaintiff herself testified at the hearing that at the time she tried to enter the premises with the jacket she "had a discussion" with the guard and some of her friends came to the window (the location of the window is unclear in the record). The plaintiff indicated in her testimony that as a result of her friends' coming to the window the guard "became intimidated and just let me go into the yard." Without deciding whether the report alone was sufficient to constitute substantial evidence, we think that the evidence before the review examiner, if believed, warranted the conclusion reached by the examiner. The fact that there was conflicting evidence does not require us to hold that the finding was not supported by substantial evidence. Questions of credibility are for the review examiners, not the courts. We think that the finding is supported by substantial evidence and is adequate to support the denial of benefits. See G. L. c. 151A, § 41; G. L. c. 30A, § 14 (7) (*e*).

> *Judgment of the District Court*
> *affirmed.*

*Robert M. Schwartz* for the plaintiff.

*William D. Luzier, Jr.*, Assistant Attorney General, for the Director of the Division of Employment Security.

*David B. Ellis, Kenneth T. Lopatka, & Dinah Seiver*, for General Dynamics Corporation, submitted a brief.

*Thomas G. Waldstein*, for the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, amicus curiae, submitted a brief.