STATE OF CONNECTICUT ET AL. *v.* FREEDOM OF
INFORMATION COMMISSION ET AL.

BOGDANSKI, C. J., PETERS, ARMENTANO, DALY and ASPELL, Js.

Argued March 4—decision released May 5, 1981

*Mitchell W. Pearlman,* general counsel, with whom, on the brief, was *Constance L. Chambers,* for the appellant (named defendant).

*Richard C. Robinson,* for the appellant (defendant the Manchester Journal Inquirer).

*Paul M. Scimonelli,* assistant attorney general, with whom were *Richard K. Greenberg,* assistant attorney general, and, on the brief, *Carl R. Ajello,* attorney general, and *Ralph G. Murphy,* assistant attorney general, for the appellees (plaintiffs).

BOGDANSKI, C. J. On January 30, 1976, a reporter from the Manchester Journal Inquirer sought access to the department of revenue service's[1] lists of sales tax delinquents. When access was denied, the Journal Inquirer appealed to the freedom of

---

[1] The department of revenue services was formerly the tax department. General Statutes § 12-1b.

information commission (FOIC). After a hearing, the FOIC concluded that the sales tax delinquent lists were public records which were not exempt from disclosure under § 1-19[2] of the General Statutes and ordered the commissioner of revenue services to permit the Journal Inquirer to have access to those lists. From that determination, the commissioner appealed to the Superior Court. On July 25, 1979, the court sustained that appeal. After a grant of certification, an appeal from that judgment by the FOIC and the Journal Inquirer was taken to this court.

In its decision that lists of sales tax delinquents are exempt from public disclosure, the trial court relied upon the provisions of § 1-19b which provide in pertinent part that "[n]othing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of . . . (10) records, tax returns, reports and statements exempted by federal law or state statutes . . . ."

In construing § 1-19, we must keep in mind the legislative policy which the statute expresses concerning access to public records. The statute expresses an intent that the records maintained by governmental bodies be open to the public except in those instances where a superior public interest

---

[2] "ACCESS TO PUBLIC RECORDS. Except as otherwise provided by any federal or state statute or regulation, all records made, maintained or kept on file by any executive, administrative, legislative or judicial body, agency, commission or official of the state, or any political subdivision thereof, whether or not such records are required by any law or by any rule or regulation, shall be public records and every resident of the state shall have the right to inspect or copy such records at such reasonable time as may be determined by the custodian thereof . . . ." General Statutes (Rev. to 1975) § 1-19.

requires confidentiality. Clearly, the public has an interest in knowing whether the burden of public expenses is equitably distributed and whether public employees are diligently collecting delinquent accounts. See *Attorney General* v. *Collector of Lynn,* 377 Mass. 151, 385 N.E.2d 505 (1979).

On appeal before us, the tax commissioner relies on the provisions of §§ 12-15 (a)[3] and 12-426 (6). Section 12-15 provides: "LIMITATIONS ON INSPECTION OR DISCLOSURE RE TAX RETURN INFORMATION AVAILABLE TO COMMISSIONER OF REVENUE SERVICES. (a) All statements, reports, returns or return information required to be filed with or submitted to the commissioner for the purpose of taxation shall be open only to the inspection of the commissioner and his assistants, such officers or other departments of the state as have occasion to inspect them in the performance of their official duties and, provided a reciprocal arrangement exists, to officers of the United States Treasury Department and of any other state when required in the administration of taxes imposed under the laws of the federal government or such other states."

We find that this statute is not applicable to the case at hand. A list of sales tax delinquents is not a document required to be filed with the commissioner of revenue services. Rather, it is a list prepared by the department of revenue services, and not the taxpayer.

Section 12-426 provides in pertinent part: "(6) DIVULGING OF INFORMATION FORBIDDEN. Neither the commissioner, his attorney or agent nor any other

---

[3] This statute is substantially the same as the version in effect in 1976.

officer or employee engaged in the administration of this chapter shall make known in any manner whatever the business affairs, operations or information obtained by an investigation of records and equipment of any retailer or any other person visited or examined in the discharge of official duty, or the amount or source of income, profits, losses, expenditures or any particular thereof, set forth or disclosed in any return, or permit any return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person, except for purposes of photostating or microfilming; provided the governor may, by general or special order, authorize examination of the returns by other state officers, by tax officers of another state, by the federal government, if a reciprocal arrangement exists, or by any other person. Successors, receivers, trustees, executors, administrators, assignees and guarantors, if directly interested, may be given information as to the items included in the measure and amounts of any unpaid tax or amounts of tax required to be collected, interest and penalties. Any person who violates any provision of this subsection shall be fined not more than one thousand dollars."

This statute is penal in nature and must be strictly construed. *Dental Commission* v. *Tru-Fit Plastics, Inc.*, 159 Conn. 362, 364, 269 A.2d 265 (1970). Nowhere in this statute is there any prohibition against disclosure of tax delinquents or the amount of the delinquency. What the statute does bar is the disclosure of business information obtained in a department of revenue services investigation. Moreover, whether sales taxes are owed, and the amount of such taxes, do not relate to the conduct of the business of the taxpayer.

The statute further forbids the disclosure of the income, profits, losses or expenditures set forth in any return. Again, the existence and extent of any tax delinquency is not income, profits, loss or an expenditure, and is generally not required to be set forth in any return. Thus, while a tax return may reveal the amount of tax levied, it does not reveal delinquencies.

Section 12-426 (6) also provides that "[s]uccessors, receivers, trustees, executors, administrators, assignees and guarantors, if directly interested, may be given information as to the items included in the measure and amounts of any unpaid tax or amounts of tax required to be collected, interest and penalties." This sentence of the statute defines a class of individuals who may go beyond the public's access to determine "the items" included in the assessed delinquency.

Every word in a legislative enactment is presumed to have meaning. *State ex rel. Kennedy* v. *Frauwirth,* 167 Conn. 165, 168, 355 A.2d 39 (1974). The word "items" refers only to those taxpayer business and financial records and information obtained by the department of revenue services through tax returns or by investigation that are specifically made confidential by the express language of § 12-426 (6). Thus, the statute grants to those who succeed to the rights and obligations of a taxpayer access to the underlying facts upon which tax, interest and penalty assessments are based. Were the word "items" construed to refer to the unpaid tax records, it would be superfluous.

In support of their respective positions, both parties have briefed and argued the enactment of

Public Acts 1979, No. 79-168,[4] now General Statutes § 12-7a, which requires the commissioner of revenue services to publish in an annual report to the governor a list of delinquent state taxes and persons liable for those taxes. Since we hold that lists of sales tax delinquents were available to the public even before passage of this act, it is neither relevant nor dispositive of the question before us.

There is error, the judgment is set aside and the case remanded with direction for the rendition of a judgment that sales tax delinquent lists are not exempt from disclosure.

In this opinion the other judges concurred.

---

[4] Public Acts 1979, No. 79-168 provides: "AN ACT REQUIRING THE ANNUAL REPORT OF THE REVENUE SERVICES COMMISSIONER TO INCLUDE A LIST OF DELINQUENT STATE TAXES AND PERSONS LIABLE THEREFOR.

"Section 1. (NEW) The annual report prepared by the commissioner of revenue services for submission to the governor and publication in a public document as provided in section 4-60 of the general statutes shall include a statement related to each type of tax levied by the state, containing the name and address of any person or corporation liable for payment of any such tax and the amount thereof, including any applicable interest or penalties, which tax, as of the end of the fiscal year with respect to which such report is prepared, is unpaid and a period in excess of ninety days has elapsed following the date on which such tax was due, exclusive of any tax determined to be uncollectible in accordance with section 12-37, any tax on which an appeal is pending and any tax which has been abated by said commissioner as provided in section 12-39.

"Sec. 2. This act shall take effect March 1, 1980."