Toomey, J.
INTRODUCTION
On August 26, 1997, this matter was tried jury waived in Worcester Superior Court before Toomey, J.
The action was brought in three counts by the plaintiff, Mary Kowalczyk (Collector), the elected Tax Collector for the Town of Blackstone against the Town of Blackstone (Town) and its Board of Selectmen (Board). Count I seeks declaratory judgment with regard to certain fees and charges collected by the Collector. Count II seeks injunctive relief requiring the Board of Selectmen to take all action necessary to deliver to her the fees withheld in the past and those to be collected in the future. By agreement of the parties, Count III which seeks relief under 42 USC 1983, has been dismissed and will be presented, if appropriate, to the United States District Court.
For the reasons stated infra, it is ORDERED that a declaration enter, reciting that the Collector is entitled to the retention of the fees and charges collected in accordance with G.L.c. 60, §15(2) and (9). It is further ORDERED that an injunction issue, compelling the Board to pay to the Collector all such fees and charges and the interest on those fees and charges that has accrued since January 1996.
FINDINGS OF FACT
The court makes the following finding of facts in consideration of the parties’ submitted briefs, exhibits, and testimony.
From 1963 through 1992, the tax collector for the Town was Earl Robbins (Robbins). When Mr. Robbins first took office in 1963, his practice was to turn the fees into the Town’s treasury and to withdraw them, for his own use, upon a warrant. In 1965, the Town’s financial records were audited by the Bureau of Accounts of the Department of Revenue of the Commonwealth. As a consequence of that audit, the state officials recommended that Robbins discontinue the practice of turning over demand fees to the Town’s treasury and recommended instead that he keep them as collected.
In 1977, the Town of Blackstone adopted, pursuant to G.L.c. 43B, its first charter. Among the charter’s provisions was C9-16 entitled “Disposition of fees and other revenues." That provision, which has remained in effect and unchanged to the present, provides: “Unless otherwise specified by the General Laws all fees or other revenues collected by a town officer or employee other than Constables shall be paid into the treasury of the town and shall not accrue to the benefit of any individual.”
In 1989, a by-law was enacted by the Blackstone Town Meeting, which by-law sought to require that all fees be paid to the Town. The by-law was, however, disapproved by the Massachusetts Attorney General’s Office as being in conflict with the Blackstone Town Charter.
In 1993, at the suggestion of an auditing firm retained by the Town Select Board, a system was devised to improve accounting for the fees. That system required that amounts collected as demand or warrant fees were to be paid into a separate account and were to be periodically drawn out on a warrant by the Collector for her benefit.
Mary Kowalczyk (Collector) is now the elected tax collector for the Town of Blackstone. She was first elected in 1992. Since that time and consistent with the practices of her predecessor, she withdrew for her own use and benefit certain demand fees and warrant charges established by G.L.c. 60, §15(2) and (9). Her access to those funds was blocked in January 1996, when the Board requested an opinion from the Town Counsel as to the legality of the Collector’s continued retention of fees. Town Counsel issued a letter expressing his opinion that the Collector’s retention of the fees was not permitted by law. Consequently, the *55 Board denied the Collector access to the subject fees and the instant complaint has been presented in response to that denial.
RULINGS OF LAW 1. Statutory Interpretation
In deciding whether the Collector is authorized to retain, for her own benefit, the subject fees and charges, the court relies upon certain canons of statutory interpretation among which is the proposition that “[A] statute is construed as a whole with reference to the system of which it is part; ... in construing the meaning of a statute the courts must consider the history of the subject matter involved, the end to be attained, the mischief to be remedied and the purpose to be accomplished.” Sutherland Stat. Const §45.05, at 23 (5th Ed.); see Globe Newspaper Co. v. Beacon Hill Architect. Comm’n., 421 Mass. 570, 584 (1996). At bottom, this court is asked to exercise its interpretative function to harmonize, if possible, the Town’s charter and certain provisions in the Massachusetts General Laws regarding the disposition of fees attached to delinquent tax bills and thereby to clarify the rights of the parties.
A.Massachusetts General Laws Chapter 60, §2
In pertinent part, G.L.c. 60, §2 recites that “every collector of taxes . . . receiving a tax list and warrant from the assessors, shall collect the taxes therein set forth . . . and pay over said taxes and interest to the city or town treasurer ... he shall also give to the treasurer an account of all charges and fees collected by him.” (Emphasis added.) The next sentence of that section again provides that the collector shall, “pay over to the treasurer all money received by him from taxes and interest during the preceding week.” (Emphasis added.) The court sees significance in the legislature’s deliberate employment of the distinctive phrases “pay over” and “account oF in the statute. The use of that differing language suggests that the legislature intended that different treatment be accorded taxes and interest on the one hand and charges and fees on the other. The former were to be delivered by the collector while the latter were to be retained by him or her. This court concludes that G.L.c. 60, §2 does not contemplate the Collector’s paying over the fees and charges to the Town; rather, it intends only that the Collector account for the fees and charges she obtains.
B.Massachusetts General Laws Chapter 60, §15
G.L.c. 60, §15 establishes a schedule of the fees and charges to be collected. Section 15 also provides that “[the] Collector shall account to the Town for all . . . charges and fees collected by him.” (Emphasis added.) It is that “account” language that defendants rely upon in seeking to bar the Collector from access to the collected fees and charges. When, however, we read G.L.c. 60, §15, in consonance with G.L.c. 60, §2, the construction placed on §15 by the defendant cannot prevail because that construction is wholly at odds with the rest of the statutoiy scheme and, in particular, with the plain meaning of §2. If “account” does not mean pay over in §2, it ought not to mean to pay over in §15, absent an express legislative intent to the contrary.
The conclusion this court reaches in reading G.L.c. 60 as a whole is that the Collector need not relinquish her interest in the charges and fees established in Section 15. If the legislature had intended for the Collector to pay over to the Town the fees established in G.L.c. 60, §15, it could easily have provided for such a relinquishment. The statute employs two distinct concepts in organizing the manner with which fees are dealt. The court understands the phrase “pay over” to mean to deliver over to the Town’s treasury for municipal expenses, and the court understands the phrase “account for” as impressing upon the Collector the duly of maintaining a public record of the fees and charges collected. The purpose of the system is not merely bureaucratic, but is based in a spirit of equity and full disclosure. Attorney General v. Collector of Lynn, 377 Mass. 151, 158 (1979). (“[The] public has a right to know whether the burden of public expenses is equitably distributed and whether public employees are diligently collecting delinquent accounts. The public has an interest in knowing whether public servants are carrying out their duties in an efficient and law-abiding manner.’’) We conclude, therefore, that the legislature intended that town collectors make an account to the town treasury for the fees and charges collected so that the public may be assured that penalties assigned to delinquent tax bills are fairly enforced. But, the legislature did not intend, by virtue of its mandate that the Collector “account,” that the Collector should also deliver those fees and charges to the town treasury.
C.Massachusetts General Laws Chapter 44, §53
Finally, the court turns to G.L.c. 44, §53, entitled “City, town or district funds: use and disposition.” Chapter 44 is generally concerned with municipal finance and, more'particularly, its §53 provides that, “all moneys received by any city, town or district officer or department, except as otherwise provided by special acts and except fees provided for by statute, shall be paid by such officers into the city, town or district treasury.” [emphasis added). The section thus requires payment by the Collector of all receipts “except . . . fees established by statute." Since G.L.c. 60, §15 provides for fees such as those at bar, those fees fall within the “except” language of G.L.c. 44, §53 and the Collector may retain them.
2. Blackstone Town Charter Provision C9-16
The Town’s Charter, by provision C9-16, requires payment to the Town of all fees and revenues “unless otherwise specified by the General Laws." This court *56 reads G.L.c. 60, §§2 and 15 and G.L.c. 44, §53 as “otherwise specifying,” that is, as providing for the retention of the §15 fees. Therefore, the charter itself permits the retention.[2]
ORDER
It is therefore ORDERED that a declaration enter, declaring that the Collector is entitled to the retention of the fees and charges obtained pursuant to G.L.c. 60, §15(2) and (9). It is further ORDERED that an injunction issue compelling the Board to pay to the Collector all fees and charges including interest on those fees and charges that has accrued since 1996.

The court deems the 1989 attempt by the Town Meeting to amend the charter by means of the proposed by-law to be without impact on the court’s construction of the charter. On a related point, the Collector has submitted as evidence certain interpretative letters issued by the Department of Revenue to various municipalities concerning the retention of G.L.c. 60, §15 fees and charges. Those letters have no formal precedential effect, but they are consistent with the instant conclusion.